IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| YASUKO YAGI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:19-cv-1305 (RDA/LRV) |
| | ) |
| LEE ANDREW HILGARTNER, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Plaintiff Yasuko Yagi's ("Plaintiff") Motion for Entry of Judgment. Dkt. 23. This Court has dispensed with oral argument as it would not aid in the decisional process. Fed. R. Civ. P. 78(b); Local Civil Rule 7(J). These matters have been fully briefed and are now ripe for disposition. Considering the Motion together with Plaintiff's Memorandum in Support (Dkt. 24) and Defendant's Opposition (Dkt. 34), this Court GRANTS Plaintiff Yasuko Yagi's Motion for the reasons that follow.

### I. BACKGROUND

#### A. Factual Background[1]

Plaintiff Yasuko Yagi, a Japanese citizen, met Defendant Lee Andrew Hilgartner in 2002 while he was in Japan as a member of the U.S. Army. Dkt. 24-1 at 2. Two years later in 2004, their relationship became romantic despite Defendant's existing marriage and Plaintiff's engagement to another man. *Id.* Subsequently, Plaintiff traveled to visit Defendant at the various

---

[1] The facts here are appropriately drawn from the Bankruptcy Court's Findings of Fact and Conclusions of Law and Report and Recommendation following that court's trial as part of its determination of dischargeability proceedings. Plaintiff's Memorandum in Support of Entry of Judgment attaches the findings and conclusions as Exhibit 1. Dkt. 24-1.

1

locations where he was stationed, incurring travel expenses. *Id.* Plaintiff began requesting reimbursement for these expenses in 2008 and 2009, and Defendant initially paid her approximately $25,000. *Id.* at 3.

In April 2010, Plaintiff traveled to Washington, D.C., to meet Defendant. *Id.* The purpose of this meeting was for Defendant to pay Plaintiff money that she insisted Defendant still owed her. *Id.* Defendant picked up Plaintiff at a Virginia Metro station and drove onto a highway. *Id.* at 4. The parties began arguing, at which point Defendant violently assaulted Plaintiff multiple times. *Id.* at 4–5. Another violent episode followed on May 8, 2010, in Plaintiff's Washington, D.C. apartment. *Id.* at 7–8.

On June 7, 2010, Defendant signed a statement regarding the two incidents. *Id.* at 9. In the statement, Defendant admitted to the assaults against Plaintiff and acknowledged that she had to visit George Washington University Hospital five (5) times as a result of his actions. *Id.* Defendant additionally agreed to pay Plaintiff the total sum of $80,000 in monthly installments. *Id.* Defendant signed the statement out of fear that Plaintiff would expose the affair, but the statement did not include a release of claims. *Id.* at 10.

An attorney representing Plaintiff later reached out to Defendant. *Id.* This began an extended period of negotiations that resulted in a settlement agreement signed on April 25, 2013, and July 5, 2013, by the Plaintiff and Defendant, respectively. *Id.* The agreement required that Defendant pay Plaintiff $415,000 over the course of a number of years. *Id.* at 11. It further provided for 15% interest on any overdue payments and a $1,000 late penalty for any payment that was more than seven (7) days past due. *Id.* The agreement stated that D.C. law governed the agreement, and that three consecutive missed payments by Defendant would constitute a material breach, allowing Plaintiff to pursue legal enforcement of the agreement. *Id.*

After some years, Defendant fell behind on payments resulting in Plaintiff's counsel sending a demand letter on July 19, 2019. *Id.* at 12. When Defendant failed to meet Plaintiff's demand, Plaintiff commenced the instant action. *Id.*

### B. Procedural Background

On October 10, 2019, Plaintiff filed her Complaint seeking (1) a judgment holding Defendant in breach of contract and (2) an award of damages. Dkt. 1. On December 26, 2019, Plaintiff obtained legal service upon Defendant via service on the Secretary of the Commonwealth of Virginia (designated under Virginia law as his statutory agent), and the Secretary forwarded the process papers to Defendant on January 13, 2020. Dkt. 7. A Certificate of Compliance was filed with this Court on January 15, 2020, and a due date for an Answer by Defendant set for February 5, 2020. *Id.* On February 6, 2020, Plaintiff filed a Request for Entry of Default as to Defendant. Dkt. 8. On February 7, 2020, the Clerk entered default pursuant to Federal Rule of Civil Procedure 55(a), Dkt. 9, and the Court ordered Plaintiff to file a Motion for Default Judgment, Dkt. 10. Plaintiff filed a Motion for Default Judgment, along with a Memorandum in Support, on February 21, 2020. Dkts. 11–12.

On March 4, 2020, Defendant filed a Voluntary Petition under Chapter 13 in Bankruptcy Court and a Suggestion of Bankruptcy with this Court, Dkts. 15–16, and, shortly thereafter, the Court ordered this action stayed pending resolution of Defendant's bankruptcy proceedings, Dkt. 17. Defendant's bankruptcy case was dismissed on January 27, 2021, and Plaintiff filed a notice of the same with this Court on February 3, 2021. Dkt. 18. Defendant was ordered that same day to respond to Plaintiff's Motion for Default Judgment. Dkt. 19. On February 25, 2021, Defendant again filed a Voluntary Petition under Chapter 13 resulting in the second stay of this case on March 9, 2021. Dkt. 21.

3

As part of Defendant's bankruptcy proceedings, Plaintiff filed a Proof of Claim with the Bankruptcy Court. Dkt. 24-2 at 12. Plaintiff then filed a complaint commencing an Adversary Proceeding to determine the dischargeability of Defendant's debt to her. *Id.* at 14. After a trial on the merits in bankruptcy court on May 21, 26, and 27, 2021, Bankruptcy Judge Brian F. Kenney issued a Findings of Fact and Conclusions of Law, and Report and Recommendation on Personal Injury Proof of Claim on July 26, 2021. Dkt. 24-2. Bankruptcy Judge Kenney declared the principal amount of Defendant's debt nondischargeable and the remaining amounts dischargeable, recommending to this Court that the Plaintiff's Proof of Claim be allowed in part and disallowed in part. *Id.*

Defendant appealed, resulting in a Memorandum Opinion and Order from this Court on appeal. *Hilgartner v. Yagi*, 643 B.R. 107 (E.D. Va. 2022). The Court affirmed in part and reversed in part the Bankruptcy Court's Findings of Fact and Conclusions of Law, affirming the nondischargeability of the principal amount but holding that the additional fees were also nondischargeable. *Id.* As part of its order, this Court adopted in part and amended in part the Bankruptcy Court's Report and Recommendation and Amended Supplemental Report and Recommendation. *Id.* Defendant then appealed this Court's ruling to the Fourth Circuit, which affirmed. *In re Hilgartner*, 91 F.4th 186 (4th Cir. 2024). Following the conclusion of Defendant's appeals, the Bankruptcy Court issued an Amended Final Judgment Order. Dkt. 24-7.

Following a Final Decree closing Defendant's bankruptcy case on August 1, 2024, Dkt. 24-9, Plaintiff provided notice to this Court of the conclusion of bankruptcy proceedings, filed a Motion for Entry of Judgment, and filed a Memorandum in Support of the Motion. Dkts. 22–24. On March 12, 2025, Defendant filed a Notice of Appearance and a Motion for Extension of Time

4

to File Response that was granted on March 14, 2025. Dkts. 27–29, 32. Defendant filed his Opposition on March 15, 2025. Dkt. 34.

## II. LEGAL STANDARD[2]

Rule 55 of the Federal Rules of Civil Procedure governs the two-part process for entries of default and default judgments. *See* Fed. R. Civ. P. 55. The first step, an entry of default, "must be made by the clerk '[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." *Fidrych v. Marriott Int'l, Inc.*, 952 F.3d 124, 130 (4th Cir. 2020) (quoting Rule 55(a)). "Upon entry of default, the defendant 'admits the plaintiff's well-pleaded allegations of fact . . . .'" *Lowery v. Am. Roller Group Health Plan*, 2021 WL 4806502, at *1 (D.S.C. Oct. 14, 2021) (quoting *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001)). Despite this, the admitted factual allegations "are not automatically accepted as true for the purposes of damages." *Aero Norfolk, LLC v. Philadelphia Truck Lines, Inc.*, 2022 WL 3587814, at *2 (E.D. Va. Aug. 22, 2022) (citing *Ryan*, 253 F.3d at 780).

The second step outlined by Rule 55 is the entry of default judgment. Fed. R. Civ. P. 55(b). If the plaintiff's claim is for a sum certain, the entry of default judgment must be accomplished by the clerk; otherwise, the entry of default judgment must be done by the district court. *Fidrych*, F.3d at 130. Determination of the appropriate relief for entry of default judgment may be referred to a magistrate judge, who submits a report and recommendation to the district court for *de novo* review of any objections to the findings and for clear error review where no objections have been

---

[2] Plaintiff's Motion states that she is moving pursuant to Rules 54 and 58 of the Federal Rules of Civil Procedure. Dkt. 23. It appears that the Bankruptcy Court had invoked Rule 54(b) in its Findings of Fact and Conclusions of Law and Report and Recommendation. Dkt. 24-1 at 26–27. Given that no further claims will remain pending following this Memorandum Opinion and Order, the Court construes Plaintiff's Motion as moving pursuant to Rule 55(b)(2).

5

raised. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. Reports and Recommendations made by bankruptcy court judges may function in the same manner according to Federal Rule of Bankruptcy Procedure 9033, which was modeled on Federal Rule of Civil Procedure 72. *See Lone Star State Bank of W. Tex. v. Rabo Agrifinance, LLC*, 644 B.R. 505, 511 (N.D. Tex. 2022) ("The Court reviews the R&R as it would review the findings, conclusions, and recommendations of a magistrate judge.") (citing the Fed. R. Bankr. P. 9033 advisory committee notes).

### III. ANALYSIS

Plaintiff moves for Entry of Judgment against Defendant. In support of her Motion, Plaintiff argues that the claim in her Complaint has been litigated up to the point of a money judgment in the Bankruptcy Court, and that this Court should enter judgment in accordance with the recommendations made by Bankruptcy Judge Kenney. Defendant's arguments in his Opposition do not change this analysis nor do they address the outstanding Motion for Default Judgment. Accordingly, the Court agrees with Plaintiff and will grant the Motion.

#### A. Jurisdiction and Venue

A Plaintiff must establish both subject matter jurisdiction over a claim and personal jurisdiction over the defaulting party before a default judgment may be entered. With regards to subject matter jurisdiction, this matter is properly before the Court pursuant to 28 U.S.C. § 1332. Dkt. 1. Plaintiff is a citizen of Japan, and the amount in controversy exceeds $75,000. Personal jurisdiction and venue are both also satisfied given that the Settlement Agreement entered into by the parties stipulated that they agreed to submit to personal jurisdiction and venue in any court in the District of Columbia or Virginia for the purpose of resolving any disputes concerning the agreement. Dkt. 12-1 ¶ 9; *see Mallory v. Norfolk S. Ry. Co.*, 600 U.S. 122, 138 (2023) ("[E]xpress

or implied consent can continue to ground personal jurisdiction—and consent may be manifested in various ways by word or deed." (quotations omitted)).

### B. Service

Federal Rule of Civil Procedure 4(e)(1) allows for service to be made in accordance with the laws of the state where the district court is located or where services is made. At the time that the Complaint was filed on October 10, 2019, Plaintiff believed that Defendant resided in Maryland. Dkt. 12 ¶ 4. After unsuccessfully attempting to personally serve Defendant, Plaintiff effected service on December 26, 2019, through the Secretary of the Commonwealth of Virginia as Defendant's statutory agent pursuant to Code of Virginia § 8.01-329. *Id.* ¶ 8. The Clerk of the Secretary of the Commonwealth then forwarded the summons and Complaint to Defendant via certified mail on January 13, 2020. Dkt. 7. A Certificate of Compliance was then filed with the Court on January 15, 2020, and a deadline set for Defendant's Answer to be due February 5, 2020. *Id.* For the foregoing reasons, the Court finds that the Defendant was properly served with the summons and Complaint.

### C. Grounds for Entry of Default

Under Federal Rule of Civil Procedure 12(a) and Code of Virginia § 8.01-329(C)(3), Defendant had to file a responsive pleading within 21 days after a copy of the Certificate of Compliance signed by the clerk of the Secretary of the Commonwealth was filed in the Clerk's office. Here, Plaintiff filed the Certificate of Compliance on January 15, 2020. Dkt. 7. Defendant therefore needed to file a response by February 5, 2020, which he failed to do. As a result, on February 6, 2020, Plaintiff sought for the Clerk of Court to enter a default against Defendant, which the Clerk entered on February 7, 2020. Dkts. 8–9. Accordingly, the Court finds that the Clerk properly entered default against Defendant.

### D. Liability and Relief

Plaintiff's sole claim in her Complaint is for breach of contract. Dkt. 1. Liability and the extent of relief warranted in this case was determined through a three-day trial in the Bankruptcy Court. Dkt. 24-1 at 1. This trial resulted in the issuing of a Findings of Fact and Conclusions of Law and Report and Recommendation which this Court has adopted, and which was affirmed by the Fourth Circuit. Defendant does not renew any objection here, and thus liability is conceded for the purposes of the instant Motion, and the scope of relief stands as adopted through the Report and Recommendation and subsequent Supplemental Report and Recommendation. Dkts. 24-1, 24-8.

\* \* \*

For all of the above-stated reasons, it is appropriate to grant Plaintiff's Motion and enter default judgment.

### E. Defendant's Opposition

Defendant's Opposition does not contest the substance of Plaintiff's Motion, but merely asserts that the instant proceedings are duplicative, that all factual or legal issues related to Plaintiff's claim were addressed by the Bankruptcy Court, that the entry of judgment by this Court risks conflicting rulings which upset the principles of collateral estoppel and *res judicata*, and that the continuation of this suit violates the injunction contained in Defendant's Second Amended Plan ("the Plan"). Defendant does not, however, respond to the outstanding Motion for Default Judgment. Dkt. 18. Accordingly, while the Court will address Defendant's concerns about the duplicative nature of these proceedings and the proposed Plan injunction, Plaintiff's Motion for Entry of Judgment will be granted.

1. Duplicative Nature of Proceedings

In asserting that the instant case is duplicative, Defendant references the Final Judgment Order and Amended Final Judgment Order by Bankruptcy Judge Kenney, this Court's Memorandum Opinion and Order, and the Fourth Circuit's affirmance. Defendant, though, overlooks the demarcation between the determination of dischargeability and the awarding of a final money judgment. Because the Bankruptcy Court proceedings did not award a money judgment, this Court will grant Plaintiff's Motion for Entry of Judgment.

Bankruptcy judges may hear proceedings that arise under or are related to a Title 11 case. 28 U.S.C. § 157(b)(1). Those proceedings fall into two categories: "core" proceedings and "non-core" proceedings. For core proceedings, the bankruptcy judge may directly enter judgments. For non-core proceedings, the bankruptcy judge may only submit proposed findings of fact and conclusions of law to the relevant district court. A district judge then may enter judgment in the non-core proceeding after considering the proposed findings and conclusions and reviewing *de novo* any matters to which any party has timely and specifically objected or for clear error where no objection has been raised. *Id.* § 157(c)(1); *see also Exec. Benefits Ins. Agency v. Arkison*, 573 U.S. 25, 34 (2014) ("If a matter is non-core, and the parties have not consented to final adjudication by the bankruptcy court, the bankruptcy judge must propose findings of fact and conclusions of law. Then, the district court must review the proceeding *de novo* and enter final judgment."). Relevant here, Section 157(b)(5) states that "personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending . . . ." 28 U.S.C. § 157(b)(5). The special status of personal injury claims within Section 157 results from the recognition by Congress that most personal injury tort victims "stand in a somewhat different relationship with the bankruptcy debtor because they did not voluntarily enter into dealings with the debtor (and

accept the risk of loss) in the same sense as traditional bankruptcy claimants." *Adams v. Cumberland Farms, Inc.*, 1996 WL 228567, at *3 (1st Cir. May 7, 1996).

Bankruptcy Judge Kenney explained in the Findings of Fact and Conclusions of Law and Report and Recommendation that, while the dischargeability determination was a core proceeding, the Bankruptcy Court "lack[ed] jurisdiction to enter a final, money judgment on a personal injury claim" under Section 157(b)(5). Dkt. 34-2 at 14–15. Judge Kenney went on to state that because of this lack of subject matter jurisdiction, and because bankruptcy courts likewise lack this jurisdiction to liquidate personal injury claims under Section 157(b)(2)(B), the court would therefore make the Report and Recommendation to the District Court on the allowance of Plaintiff's claim. *Id.* at 15.

In his Opposition, Defendant argues that the Bankruptcy Court's Judgment Order and Amended Final Judgment Order are final, money judgments precluding an Entry of Judgment by this Court. Dkt. 34 at 3–4. Not so. The Bankruptcy Court's Judgment Order *declares* the dischargeability or nondischargeability of the debts but only *recommends* the allowance of Plaintiff's Proof of Claim in amounts listed in the Order. Dkt. 34-3. Similarly, the Amended Final Judgment Order only lists the amounts deemed nondischargeable according to 11 U.S.C. § 523(a)(6). Dkt. 34-8.

In arguing that the Bankruptcy Court's determination of nondischargeability was a final, money judgment, Defendant cites to a string of cases where Bankruptcy Courts did enter final, money judgments. But none of those cases involved a personal injury claim.[3] While Defendant

---

[3] *In re Imperial Petroleum Recovery Corp.*, 84 F.4th 264, 269 (5th Cir. 2023) (willful violation of automatic stay); *In re Hallahan*, 936 F.2d 1496, 1499 (7th Cir. 1991) (breach of contract); *In re Porges*, 44 F.3d 159, 161 (2d Cir. 1995) (indemnification); *In re Kennedy*, 108 F.3d 1015, 1016 (9th Cir. 1997) (fraud); *In re McGavin*, 220 B.R. 125, 126 (D. Utah 1998) (property claims), *aff'd,* 189 F.3d 1215 (10th Cir. 1999); *In re Lang*, 293 B.R. 501, 505 (B.A.P.

10

accurately relates through his cited authorities that bankruptcy courts typically do have the authority to determine money judgments in non-personal injury cases, the Bankruptcy Court here appropriately recognized its lack of authority to do so with regard to the personal injury claim in this case.[4]

Defendant is also correct in noting that this Court already reviewed the Findings of Fact and Conclusions of Law and Report and Recommendation in its capacity as an appellate court for the Bankruptcy Court. *Hilgartner v. Yagi*, 643 B.R. 107, 116 (E.D. Va. 2022). As part of that Memorandum Opinion, the Report and Recommendation was adopted in part and amended in part, as affirmed by the Fourth Circuit. *Id.*; *In re Hilgartner*, 91 F.4th 186, 196 (4th Cir. 2024). Notably, however, this Court's Order remanded the case back to the Bankruptcy Court instead of ordering a money judgment based on the Recommendation. Taken together, neither this Court nor the Bankruptcy Court have entered a final, money judgement before this point.

2. Plan Injunction

Defendant also asserts that the instant case violates an injunction contained within the Second Amended Plan of Reorganization. Dkt. 34-4 at 12. The Plan states that all persons "are permanently enjoined from . . . continuing in any manner any action or proceedings of any kind

---

10th Cir. 2003) (fraud); *In re Boricich*, 2011 WL 2600692, at *4 (Bankr. N.D. Ill. June 29, 2011) (larceny, fraud, embezzlement), *amended by*, 464 B.R. 335, 336 (Bankr. N.D. Ill. 2011); *In re Friedman*, 298 B.R. 487, 490 (Bankr. D. Mass. 2003) (breach of fiduciary duty), *denying motion to alter judgment*, 300 B.R. 149, 150 (Bankr. D. Mass. 2003).

[4] The Supreme Court in 2011 indicated in *Stern v. Marshall* that Section 157(b)(5) is in fact not jurisdictional, and that the parties may consent to the trial of personal injury claims in a bankruptcy court. *In re Residential Capital, LLC*, 536 B.R. 566, 571 (Bankr. S.D.N.Y. 2015) (citing *Stern v. Marshall*, 564 U.S. 462, 478 (2011)). Despite this, neither party purports to have consented to the trying of the personal injury claim in the Bankruptcy Court. This, combined with the lack of a final, money judgment from the Bankruptcy Court, indicates that the Supreme Court's holding in *Stern* bears no effect as to whether this Court should enter judgment on behalf of Plaintiff.

with respect to such Claim against the Debtor aside from enforcing their rights under this Plan." *Id.* The Court will not decide whether this Motion may be construed as an attempt at enforcing Plaintiff's rights under the plan because the Plan injunction is unenforceable pursuant to Rule 3020 of the Federal Rules of Bankruptcy Procedure. This rule states that "[i]f [a] plan provides for an injunction against conduct not otherwise enjoined under the Code, the order must: (A) describe the acts enjoined in reasonable detail; (B) be specific in its terms regarding the injunction; and (C) identify the entities subject to the injunction." Fed. R. Bankr. P. 3020(c)(1). Because the Order Confirming Chapter 11 Plan makes no mention of any injunction, the injunction contained within Defendant's Second Amended Plan is not enforceable. Dkt. 34-5; *cf. In re Jack County Hospital District*, 2022 WL 829172, at *10 (Bankr. N.D. Tex. Mar. 18, 2022) (finding that a plan injunction complied with the technical requirements required as enumerated in Fed. R. Bankr. P. 3020(c)). As such, the Plan injunction presents no bar to the Entry of Judgment in this case.

\*   \*   \*

In sum, Plaintiff has fulfilled the requirements for default judgment, and Defendant's argument that the instant case is duplicative is unfounded because the Bankruptcy Court's judgments only declared the dischargeability of the debts instead of ordering a final, money judgment. Bankruptcy Judge Kenney appropriately issued a Report and Recommendation based on Section 157(b)(5) and the lack of consent by the parties to a final judgment by the Bankruptcy Court. The Plan injunction also does not preclude action by this Court seeing as it was not specifically enumerated by the Order Confirming Chapter 11 Plan. Insofar as Defendant claims, without providing any evidence, that he has already paid toward the amount owed to Plaintiffs, any previously paid amount should be deducted from the total judgment.

12

## IV. CONCLUSION

For the foregoing reasons, it is hereby ORDERED that Plaintiff Yasuko Yagi's Motion for Entry of Judgment (Dkt. 23) is GRANTED; and it is

FURTHER ORDERED that Plaintiff be awarded compensatory damages in the amount of $229,045.00 plus post-judgment interest on its award in accordance with 28 U.S.C. § 1961; and it is

FURTHER ORDERED that Plaintiff be awarded pre-judgment interest in the amount of $11,111.88; and it is

FURTHER ORDERED that Plaintiff be awarded costs and expenses through August 7, 2021, in the amount of $4,720.00 plus post-judgment interest on its award in accordance with Section 1961; and it is

FURTHER ORDERED that Plaintiff be awarded attorney's fees in the amount of $110,076.31 plus post-judgment interest on its award in accordance with Section 1961.

The Clerk is directed to enter judgment for Plaintiff in this matter pursuant to Federal Rule of Civil Procedure 55 for a total amount of $354,953.19, as set forth above, plus post-judgment interest on all but the award of $11,111.88 in accordance with Section 1961, forward copies of this Order to counsel of record, and close this civil action.

It is SO ORDERED.

Alexandria, Virginia
August 6, 2025

/s/
Rossie D. Alston, Jr.
United States District Judge

13